[Civ. No. 5174. Second Appellate District, Division One.—May 26, 1926.]

ERNEST C. AMLING et al., Respondents, v. C. T. BRYAN et al., Appellants.

[1] UNLAWFUL DETAINER—COVENANT AGAINST ASSIGNMENT—STATUTE OF FRAUDS—EVIDENCE—FINDINGS.—Conceding that, in order that an assignment of a lease should be violative of a covenant therein against assignment, such assignment must be in writing, an objection on appeal predicated upon such contention is completely disposed of by the findings of the trial court, based upon sufficient evidence, that such assignment was made for a valuable consideration, that it was in writing, and that it was delivered to the assignees thereof.

[2] ID.—COVENANT AGAINST SUBLETTING—JUDGMENT—APPEAL—INFERENCES.—On appeal from a judgment in favor of the plaintiffs in an action of unlawful detainer predicated upon a breach by defendants of a covenant against subletting, where the record does not affirmatively show that there was a subletting of the premises for a period longer than one year, but it may be inferred from the findings that it was a month-to-month tenancy, an objection to the finding of the trial court that defendants sublet the premises contrary to the provisions of the lease, predicated upon the contention

that a sublease for a longer period than one year would have to be in writing, is not well taken.

[3] ID.—DELIBERATE BREACH — EVIDENCE—FINDINGS—JUDGMENT.—The rule that covenants in a lease against assignment and subletting should be strictly construed does not mean that the courts must resort to scholastic subtleties to save tenants from the consequences of their deliberate breach of their covenants; and if such a covenant is contained within a lease and by a preponderance of the evidence it appears in that regard that the lease has been breached, a finding by the trial court to that effect must result in the conclusion of law that the lease has been terminated, with a consequent judgment thereon decreeing a forfeiture.

[4] ID. — WAIVER OF FORFEITURE — ESTOPPEL—PLEADING — EVIDENCE—FINDINGS—JUDGMENT—PRESUMPTIONS.—In an action of unlawful detainer predicated upon a breach by defendants of a covenant against assignment and subletting without plaintiffs' consent, where the answer of the defendants does not contain the defenses of waiver of forfeiture or estoppel to declare a forfeiture, and there is no finding of fact upon which either of such defenses could rest, but there is evidence which would justify findings which would be entirely opposed to facts necessary to support either of such defenses, and judgment is in favor of plaintiffs, it must be assumed on appeal that had any finding been made by the trial court with reference to either of such defenses, such finding would have been against defendants' contentions.

[5] ID.—POSSESSION BY ASSIGNEE—LIABILITY FOR DAMAGES—PARTIES. Where, after service of notice to quit and after the sublessee has abandoned possession of the demised premises, the assignee of the original lessee wrongfully remains in possession of the premises for a considerable period of time, not as the representative and agent of the original lessee but for her own use and benefit, her liability for damages ensues as a matter of course; and judgment against the original lessee for damages on account of such unlawful detention is erroneous.

(1) 4 C. J., p. 876, n. 78.  (2) 4 C. J., p. 654, n. 93.  (3) 35 C. J., p. 1066, n. 82.  (4) 4 C J., p. 731, n. 81, p. 778, n. 75.  (5) 36 C. J., p. 634, n. 34, p. 635, n. 47.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. Walter Hanby, Judge. Affirmed in part, and reversed in part.

The facts are stated in the opinion of the court.

3.  See 15 Cal. Jur. 761; 16 R. C. L. 832.

Andrew J. Copp, Jr., for Appellants.

Frank M. Smith and Henry M. Willis for Respondents.

HOUSER, J.—As shown by the findings of fact herein it appears that plaintiffs leased certain real property to defendant Bryan; that the lease contained a provision against its assignment or the subletting of the leased premises without the written consent of the lessor being first obtained; that notwithstanding such provision, and without first obtaining such written consent of the lessor, the lessee executed and delivered an assignment of the lease; also that he sublet the property—all of which conduct on the part of the lessee precipitated an action in unlawful detainer on the part of plaintiffs against the defendants Saxton and Bryan. The trial of the action resulted in a judgment for possession and damages in favor of the plaintiffs, and defendants appeal therefrom.

[1] Appellants contend that in order that any assignment of the lease should be violative of the provisions thereof to which reference has been had, such assignment must have been in writing. That objection, however good in the abstract, is completely disposed of by the finding of fact by the trial court, based upon sufficient evidence, that such assignment was made for a valuable consideration; that it was in writing, and that it was delivered to the assignees thereof.

[2] Appellants also feel aggrieved because of the finding by the trial court that contrary to the provisions of the lease the lessee sublet the leased premises without first having obtained the written consent of the lessor so to do, and insist that a sublease for a longer period than one year would necessarily have to be in writing. The finding by the court with reference to such subletting in that regard simply was that on a designated date, for a fixed consideration per month, the lessee sublet the premises described in the lease to a certain person and thereupon delivered possession of said premises to him, etc. The term of the sublease is not mentioned in the findings other than that it may be inferred therefrom that it was a month-to-month tenancy. Because it does not affirmatively appear that there was a subletting of the premises for a period longer than one year, it becomes

manifest that the point to which appellants refer does not arise in the case.

[3] Appellants also cite authorities and argue to the effect that covenants in a lease against assignment and subletting should be strictly construed. While the general rule is in accordance with such contention, as is clearly stated in one of the cases cited by appellants, it "does not mean that the court must resort to scholastic subtleties to save tenants from the consequences of their deliberate breach of their covenants." (*DeAngeles* v. *Cotta*, 62 Cal. App. 691 [217 Pac. 821].) If such a covenant is contained within a lease and by a preponderance of the evidence it appears in that regard that the lease has been breached, a finding by the trial court to that effect must result in a conclusion of law that the lease has been terminated, with a consequent judgment thereon decreeing a forfeiture.

[4] It is also claimed by appellants that by acceptance of rent by the lessor from the person to whom the lessee had sublet the premises, the lessor waived a forfeiture and that by "conduct and conversation, the plaintiffs are estopped to declare a forfeiture."

The answer of the defendants to plaintiffs' complaint contained no such defense or defenses; nor is the attention of this court directed to any finding of fact upon which either of such defenses could rest. There was, however, evidence introduced on the trial of the case which would justify findings which would be entirely opposed to facts necessary to support either a defense or waiver or a defense of estoppel. It is a rule that all intendments are in favor of a judgment rendered by the trial court; from which it follows that it must be assumed that had any finding been made by the trial court with reference to either of the defenses which are now for the first time interposed, such finding would have been against defendants' contentions. It therefore becomes impracticable to consider the evidence which, it is suggested by appellants, would authorize (although not require) the conclusion for which they contend.

[5] It is next contended that in any event no judgment could stand as against Helen E. Saxton, one of the defendants in the case. The findings of the trial court show that after notices to quit possession had been served on the subtenant and the defendant Saxton, the subtenant abandoned

the possession of the premises; whereupon the defendant Saxton tore down the notice to quit which had been posted on the premises and assumed and continued in possession thereof for a period of about one month thereafter, at which time she in turn abandoned the premises. The court further found: " . . . that it is not true that the defendant Helen E. Saxton occupied and possessed the said premises from February 6, 1925, to March 3, 1925, as the representative and agent of said defendant C. T. Bryan and under and by virtue of said power of attorney, but on the contrary said defendant Helen E. Saxton occupied and possessed the premises during said period as assignee of the interests and title therein of defendant C. T. Bryan, *and for her own use and benefit; . . . . *"

It thus appearing that defendant Saxton was wrongfully in possession of the premises "as assignee of the interests and title" of the original lessee and that on her own account she remained in such possession for a considerable period after the three days' notice to quit had been served upon her, it is apparent that her liability for the damages of which appellants complain ensued as a matter of course.

As the judgment is drawn it runs not only against defendant Saxton, but also against defendant Bryan, the original lessee. In view of the finding of the trial court to which reference has just been had, and the fact that after service of notice to quit possession defendant Saxton did not occupy the premises "as the representative and agent of said defendant C. T. Bryan, . . . but on the contrary said defendant Helen E. Saxton occupied and possessed the premises . . . for her own use and benefit," it follows that that part of the judgment which awards damages to plaintiffs as against defendant Bryan in the sum of $450 on account of the unlawful detention by him of said premises must be reversed. Otherwise the judgment should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1926.